**EBARB et al. v. PEOPLES STATE BANK OF MANY.**

No. 5911.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1939.

Harris & Harris, of Mansfield, for appellants.

J. S. Pickett, of Many, for appellee.

HAMITER, Judge.

The appeal in this case is from a judgment sustaining an exception of no cause of action.

It is shown by the allegations of the petition and the accessory documents in the record that plaintiffs inherited from their mother at her death an undivided one-half interest in a certain tract of land situated in Sabine Parish, Louisiana. Thereafter their father mortgaged his undivided one-half interest therein, the property having been a community asset, in order to secure the payment of his note for $55 given to the Peoples State Bank of Many, Louisiana, the defendant herein.

The taxes due on the tract for the years 1932 and 1933 were not cared for by the owners, and after delinquency they were paid by said bank. These payments affected both the mortgaged and unmortgaged interests and totaled the sum of $47.76. Receipts and tax subrogations were regularly issued to it.

Later, the father died intestate, and his interest was inherited by plaintiffs. The mentioned mortgage indebtedness had been reduced to $43.60.

On October 11, 1935, the bank filed suit No. 12,571 on the docket of the Eleventh District Court of Sabine Parish, Louisiana, to recover the balance due under said note and also the amount paid by it for the 1932 and 1933 taxes. The defendants therein were the plaintiffs in this cause, and they were duly cited. As no appearances were made, the bank obtained judgment through the confirmation of a previously entered preliminary default. The judgment condemned them to pay to the bank $91.36, the aggregate sum demanded, together with interest, etc., and recognized a special mortgage on an undivided one-half interest in and to the above mentioned property to secure the payment of $43.60 of said amount. It also recognized a special lien and privilege on the whole tract "to secure the payment of the sum of $25.60 and the further sum of $22.12, together with interest and cost, resulting from said tax subrogation." The judgment further ordered the sale of the property according to law.

A writ of fieri facias issued under the judgment and the entire property was sold on June 13, 1936, at a regular sheriff's sale. The Peoples State Bank, or the foreclosing creditor, was the adjudicatee.

In the petition of the instant cause plaintiffs attack the sheriff's sale in said suit No. 12,571, and pray that it be annulled and that the deed issued in connection therewith be cancelled. Alternatively, they pray that they "be held to be the owners of an undivided one-half interest in and to the property as inherited by them from their deceased mother which was not subject to the said mortgage."

According to the brief of plaintiffs' counsel, all but one of the charges originally made have been abandoned. The only ground now urged for the nullity of the adjudication is that the half interest inherited from their mother, which the mortgage did not affect, was sought to be sold in satisfaction of the tax subrogations without a compliance with the formalities and requisites of the law attendant to sales of property for taxes.

It is to be remembered that this case is being considered on an exception of no cause of action. The allegations of fact of the petition and the recitals of the judgment in the assailed proceedings, a copy of which is in the record, control the decision. These clearly reveal that the complaining parties offered no contest whatever in said suit No. 12,571, notwithstanding the fact that service of process was regularly made on them; instead they permitted a judgment by default to be rendered. This was a personal judgment and not of the in rem type; and it involved not only the mortgage indebtedness contracted by their father, but also the tax payment claims. Perhaps the bank had no right to pay the taxes on the unmortgaged one-half interest, and these plaintiffs were not legally obligated to make reimbursement for the tax payments made. This question we do not pass on. If that be so, however, they should have offered such a defense in that suit and not suffered the personal judgment to be taken against them and to become final.

It was under said personal judgment that the sheriff's sale was consummated. Of course, the court, in its decree, additionally recognized the bank's mortgage on an undivided one-half interest in the property and a special lien and privilege, resulting from the tax subrogations, on the whole tract. But it does not appear from the record that the special mortgage and tax liens were of any importance in connection with the sale. The property was sold to satisfy the amount of the personal judgment; and there was properly employed the procedure pertaining to sales under writs of fieri facias.

Under the circumstances outlined above, it was not necessary that the adjudication be conducted in accordance with the statutory provisions of this state covering sales of property for taxes; and, we think, the exception of no cause of action was correctly sustained.

The judgment is affirmed.